UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 3:09CV-737-M

**VIVIAN JANET BOWMAN**                                                                                   **PLAINTIFF**

v.

**WILLIAM S. ECKELS** *et al.*                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced this action against William S. Eckels, Geneva Price, Mary L. Persley, and Sheldon Berman. Plaintiff has filed an application to proceed without prepayment of filing fees (DN 3). Plaintiff's application makes the requisite showing under 28 U.S.C. § 1915(a). Her application is, therefore, **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). For the reasons set forth below, this action will dismissed because Plaintiff has failed to offer proof that she submitted her claims to the Equal Employment Opportunity Commission (EEOC) before filing suit.

**I.**

This action is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2). This statute requires the Court to dismiss a case at any time if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See id.*; *McGore v. Wrigglesworth*, 114 F.3d at 601.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent

standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.

In her form complaint, Plaintiff alleges that she is currently seeking employment with the Jefferson County School System as a substitute teacher.  She claims that "it is unlawful that defendants blackball me from employment because of my high moral standards because I am white woman who is not gay, because I am single and 64 years old in good health, because I live celibate life.  My civil rights simply my civil rights.  Defendants not allow me to participate."

Although Plaintiff does not mention any federal statutes in her complaint, the Court construes this action as having been brought under Title VII of the Civil Rights Act as Plaintiff references her status as a "white female" as one of the reasons she was not hired and also as having been brought under the Age Discrimination in Employment Act (ADEA) because she references her age, 64, as another reason.  Both Title VII and the ADEA require plaintiffs to exhaust their administrative remedies before the Equal Employment Opportunity Commission before filing suit in federal court.  *See Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)

(citing *Brown v. General Serve. Admin.*, 425 U.S. 820, 832, (1976)). When a charge of discrimination is filed, the EEOC must investigate the complaint in order to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). If the EEOC determines that the complaint has a reasonable basis, it will issue a right-to-sue letter to the plaintiff. 29 C.F.R. § 1601.28(b). If the EEOC does not issue a right-to-sue letter within 180 days after the charge of discrimination is filed, the plaintiff may request such a letter. 29 C.F.R. § 1601.28(a).

A person must possess a right-to-sue letter from the EEOC in order to file suit under Title VII or the ADEA. A right-to-sue letter, while not a jurisdictional requirement, is a condition precedent to maintaining an employment-discrimination claim under either Title VII or the ADEA. *See Rivers v. Baberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). A plaintiff's failure to satisfy the condition precedent of exhausting administrative remedies can result in dismissal of the action without prejudice. *See Jones v. Smith-McKinney Co.*, No. 04-CV-80-JMH, 2004 U.S. Dist. LEXIS 29761 (E.D. Ky. Nov. 18, 2004).

Plaintiff does not indicate that she obtained a right-to-sue letter from the EEOC or provide documentary evidence of such a letter. As such, her claims will be dismissed without prejudice.

Date:


cc:     Plaintiff, *pro se*
        Defendants
4414.008